1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RAMOS NAVAS, | ) Case No. 5:21-cv-01596-TJH-JC |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS, |
| | ) CONCLUSIONS, AND |
| MERRICK B. GARLAND, et al., | ) RECOMMENDATIONS OF UNITED |
| | ) STATES MAGISTRATE JUDGE |
| Respondents. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition") and all of the records herein, including the November 1, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections thereto filed on November 8, 2021 ("Objections").

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge reflected in the Report and Recommendation, and overrules the Objections. The Court discusses petitioner's principle objections herein.

///

1    Petitioner objects to the Report and Recommendation, again arguing that the
2 Court has jurisdiction to consider petitioner's challenge to his bond denial for
3 "legal error" under <u>Singh v. Holder</u>, 638 F.3d 1196, 1202 (9th Cir. 2011) (noting
4 that 8 U.S.C. § 1226(e) permits habeas jurisdiction over claims of legal error in
5 bond proceedings, such as where an immigration judge allegedly applied the wrong
6 burden of proof, and rejecting argument that immigration judge in that case
7 improperly placed the burden of proof for bond hearing on detainee), and in this
8 case the record establishes legal error in that:  (1) Immigration Judge ("IJ")
9 essentially gave lip service to the Government's burden to show by clear and
10 convincing evidence that petitioner is a danger to the community but actually
11 placed the burden on petitioner to demonstrate that he is not dangerous or to
12 persuade the IJ that he should be granted bond; and (2) the IJ otherwise erred in
13 treating petitioner's length of detention as a factor weighing against granting bond.
14 <u>See</u> Objections at 10-14 (citing, *inter alia*, <u>Ramos-Portillo v. McAleenan</u>, Case No.
15 5:18-cv-00260-MWF-SS, 2019 WL 3246499 (C.D. Cal. July 19, 2019) ("<u>Ramos-</u>
16 <u>Portillo</u>) (finding error where immigration judge cited correct legal standard for
17 bond where the decision made clear that the immigration judge did not actually
18 apply the standard and instead "improperly minimized the government's burden,
19 wrongly held [the detainee's] prolonged immigration detention against her, and
20 failed adequately to consider alternatives to detention"), <u>appeal dism'd</u>, 2020 WL
21 1330372 (9th Cir. Feb. 14, 2020) (granting voluntary dismissal); <u>Sales v. Johnson</u>,
22 2017 WL 6855827 (N.D. Cal. Sept. 20, 2017) ("<u>Sales</u>") (also finding error where
23 immigration judge cited correct standard for bond but did not correctly apply the
24 standard and considered the length of immigration detention against granting
25 bond).
26    Petitioner essentially faults the Magistrate Judge for "overreading" or
27 otherwise misinterpreting the IJ's decision.  (Objections at 12).  Petitioner
28 acknowledges that the IJ's bond decision reflects the IJ's notes from the hearing

1  where bond was denied orally.  (Objections at 6 n.3).  Neither party has filed a

2  transcript of the bond hearing at issue which may have aided the Court's analysis,

3  and it is unclear if the hearing was recorded.  See id.

4        In any event, it appears on the available record that the cases on which

5  petitioner relies are distinguishable.  In Ramos-Portillo, the district court was

6  presented with transcripts from the bond hearings at issue where it was clear that

7  bond had been denied based upon a finding of flight risk alone.  See Ramos-

8  Portillo Docket No. 31 at 9-10, 28 (quoting immigration judge as stating, "I don't

9  think the Government can show by clear and convincing [evidence] that she's a

10  danger.").  In the initial bond decision in Ramos-Portillo's proceedings, the

11  immigration judge commented, "it's hard to justify releasing that person on bond,"

12  which the court interpreted as placing the burden on the detainee to "justify"

13  release, rather than on the government to justify detention.  Id. at 31-32.  At the

14  subsequent hearing and bond decision at issue in that case, the immigration judge

15  reportedly continued this presumption by stating that the status of the detainee's

16  immigration proceedings gave the detainee "no incentive whatsoever to surrender

17  herself for removal," and also questioned the detainee's liberty interest in release

18  where such an interest clearly existed under Zadvydas v. Davis, 533 U.S. 678

19  (2001).  Id. at 32-34.  Finally, the immigration judge considered the length of

20  detention during immigration proceedings against the detainee, where Ninth

21  Circuit authority requires "greater procedural safeguards" for continued detention.

22  Id. at 35 (citing Diouf v. Napolitano, 694 F.3d 1081, 1091 (9th Cir. 2011)).  Under

23  these circumstances, the court found that the immigration judge's bond decision

24  reflected that the judge failed to recognize the detainee's liberty interest in release,

25  improperly minimized the government's burden to justify prolonged detention by

26  clear and convincing evidence, and weighed such detention against release.  Id. at

27  36-39; see also Ramos-Portillo, 2019 WL 3246499, at *1-2 (order adopting same).

28  ///

In <u>Sales</u>, the issue also was whether the government had established that the detainee was a flight risk.  The district court reportedly had issued an order granting a petition for writ of habeas corpus, finding that the detainee's bond hearings were deficient because the evidence did not establish clearly and convincingly that the detainee was a flight risk, and ordering release unless the detainee had a new bond hearing within 60 days.  <u>Sales</u>, 2017 WL 6855827, *2.  At the new hearing, the immigration judge purported to apply the correct standard for clear and convincing evidence, but stated that he could not implement the  habeas order because the immigration judge could not, in effect, overrule the Board of Immigration Appeals' determination that the evidence of flight risk was sufficient.  <u>Id.</u> at *6.  The immigration judge also observed that the length of the detainee's immigration detention increased the detainee's flight risk.  <u>Id.</u>  Finally, the immigration judge concluded – based on the same evidence that the district court had found did not meet the clear and convincing standard – that "it [was] highly probable that given the opportunity [the detainee] [would] abscond."  <u>Id.</u>  Under these circumstances, the court found that the immigration judge did not actually or correctly apply the government's clear and convincing standard for continued detention.  <u>Id.</u>

Unlike these cases on which petitioner relies, in this case it does not appear from the record presented that the Immigration Judge simply gave lip service to the correct legal standard then did not hold the Government to that standard.  As is evident from the Immigration Judge's bond decision, the Immigration judge cited the Government's burden then discussed the evidence the Government had submitted concerning the recency and character of petitioner's criminal record, which involved assault by force inflicting great bodily injury.  <u>See</u> Petition Ex. D at 1-4 (observing, "In assessing [petitioner's] danger to the community, the Court was ultimately persuaded by the recency and character of his criminal record. . . . [His] criminal history leading up to his most recent conviction consists of other

serious crimes against persons and property. . . [which] clearly demonstrates he poses a significant danger to persons or property if released.").  The Immigration Judge's comment that the record petitioner had provided had not "persuaded the Court that he is now sufficiently rehabilitated to mitigate the danger his criminal record evinces" (Petition Ex. D at 3-4), without more, does not suggest that the Immigration Judge did not hold the Government to its burden of proof in this case.

While petitioner faults the Immigration Judge for considering that petitioner had been continuously in state or immigration custody since December of 2012, and therefore had not had an opportunity to demonstrate his rehabilitation by residing in the community without posing any further danger (see Petition Ex. D at 3), such consideration does not run afoul of applicable precedent.   Petitioner had been in state custody since December of 2012, and had been in immigration custody since September of 2018.  See Petition Ex. E at 6 (noting when petitioner was taken into immigration custody).  Petitioner's time in immigration custody, which weighs in favor of greater procedural protections for bond hearings under Zadvydas, is a separate issue from the fact that petitioner had served time for a violent offense related to his substance abuse history (see Objections at 3 (acknowledging same)), for which petitioner since had not had any time in the community to demonstrate his rehabilitation.  There is no suggestion from this observation that the Immigration Judge improperly considered petitioner's time in immigration detention against him or otherwise denied him the appropriate procedural protections.  See Zadvydas, 533 U.S. at 691 (observing that need to protect the community does not necessarily diminish in force over time; preventative detention based on dangerousness is subject to strong procedural protections); Diouf, 634 F.3d at 1092 (bond hearing before an immigration judge where government must establish that the alien poses a flight risk or danger to the community is the basic safeguard for aliens facing prolonged detention).  It appears that petitioner received the procedural protections he was due in this case.

1    For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for
2  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and this action are dismissed
3  without prejudice.

4    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and
5  the Judgment herein on counsel for petitioner and respondents.

6    IT IS SO ORDERED.

7  DATED: DECEMBER 9, 2021

8

9  HONORABLE TERRY J. HATTER, JR.
   SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6